**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Bradley Smith**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**Elly's Phoenix, Inc.**, an Arizona corporation; **John Georges and Jane Doe Georges**, a married couple, and **Christos Georges and Jane Doe Georges II**, a married couple,<br><br>Defendants. | No.<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *ET SEQ.*** |

Plaintiff, Bradley Smith ("Plaintiff" or "Bradley Smith"), individually, and on behalf of all other individuals similarly situated, sues the Defendants Elly's Phoenix, Inc., John Georges and Jane Doe Georges, and Christos Georges and Jane Doe Georges II (collectively "Defendants" or "Elly's Brunch & Cafe") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a collective action for unpaid minimum wages and tips, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. This is also an individual action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

3. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207. The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit."

4. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised 29 U.S.C. § 203(m).

5. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or

not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

6. Plaintiff brings this action on behalf of himself and all similarly situated current and former employees of Defendants who worked as tipped employees[1] and whose tips were not fully dispersed to them as required by the FLSA.

7. Plaintiff brings this action against Defendants for their unlawful failure or refusal to allow Plaintiff and other similarly situated employees to retain all their tips in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

8. Plaintiff brings a collective action under the FLSA to recover the tips that Defendants improperly withheld from him individually and on behalf of all other similarly situated employees, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

9. The Collective Members are all current and former employees who worked as Tipped Employees for Defendants at any time starting three years before this Complaint was filed, up to the present.

10. Plaintiff has given his written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

---

[1] For the purposes of this Complaint, "Tipped Employees" is exclusively a label used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff or the putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

11. Defendants own, operate, or otherwise manage a chain of restaurants called Elly's Brunch & Café in Illinois and Arizona. The restaurant at issue in this matter is the Elly's Brunch & Café restaurant located at 100 East Camelback Road, Phoenix, Arizona 85012.

12. At all relevant times, Defendants have operated pursuant to a policy and practice of intentionally not allowing Plaintiff and similarly situated employees to retain all tips they earned as required by the FLSA.

13. At all relevant times, pursuant to this practice, Defendants have willfully failed or refused to disperse to Plaintiff and similarly situated employees to retain all tips earned as required by the FLSA.

14. In willfully failing or refusing to allow Plaintiff and similarly situated employees to retain all tips earned as required by the FLSA, Defendants have violated the minimum wage and tipped employee provisions of 29 U.S.C. § 206.

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

-4-

17. At all times material to the matters alleged in this Complaint, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former Tipped Employee of Defendants.

18. At all material times, Defendant Elly's Phoenix, Inc. was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Elly's Phoenix, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

19. At all relevant times, Defendant Elly's Phoenix, Inc. owned and operated as Elly's Brunch & Café in the Phoenix Metropolitan Area

20. Under the FLSA, Defendant Elly's Phoenix, Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Elly's Phoenix, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Elly's Brunch & Café's employees, Defendant Elly's Phoenix, Inc. is subject to liability under the FLSA.

21. Defendants John Georges and Jane Doe Georges are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants John Georges and Jane Doe Georges are owners or managers of Elly's Brunch & Cafe and

were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

22. Under the FLSA, Defendants John Georges and Jane Doe Georges are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants John Georges and Jane Doe Georges had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to Elly's Brunch & Café's employees, Defendants John Georges and Jane Doe Georges are subject to individual liability under the FLSA.

23. Defendants Christos Georges and Jane Doe Georges II are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Christos Georges and Jane Doe Georges II are owners or managers of Elly's Brunch & Cafe and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

24. Under the FLSA, Defendants Christos Georges and Jane Doe Georges II are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Christos Georges and Jane Doe Georges II had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to Elly's Brunch & Café's employees, Christos Georges and Jane Doe Georges II are subject to individual liability under the FLSA.

25. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

26. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

27. Defendants, and each of them, are sued in both their individual and corporate capacities.

28. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

29. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

30. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

31. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

32. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

33. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

34. On information and belief, Plaintiff and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

35. On information and belief, Plaintiff and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

36. On information and belief, Plaintiff and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

37. On information and belief, Plaintiff and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

38. On information and belief, Plaintiff and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

39. At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

40. At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in interstate commerce.

41. Plaintiff and the Collective Members, in their work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43. Defendants own and/or operate as Elly's Brunch & Cafe, an enterprise doing business in Maricopa County, Arizona.

44. In or around October 2023, Defendants hired Plaintiff to work for them as a server at the Elly's Brunch & Café in Phoenix, Arizona.

45. At all relevant times, as a server, Plaintiff's primary job duties included customer service, running food, cleaning, and other various server-related duties.

46. At all relevant times, as a server, Plaintiff was compensated at an hourly rate of less than the applicable Arizona minimum wage during his employment on account of his receipt of tips.

47. At all relevant times, Defendants operated pursuant to a policy and practice of requiring Plaintiff and the Collective Members to forfeit between two dollars ($2.00) and 10 dollars ($10.00) from their tips per shift to their manager, Jessica Lamb.

48. At all relevant times, Defendants have also operated pursuant to a policy and practice of requiring Plaintiff and the Collective Members to contribute six percent (6%) of net sales toward a tip pool for a food runner. However, at all relevant times, Defendants have not employed a food runner.

-9-

49. Instead, on information and belief, such tips were taken directly by management or ownership and were not distributed to other employees such as in the case of a tip pooling arrangement, legitimate or otherwise. Instead, these tips went from Plaintiff – the person who earned them – directly to Defendants.

50. Defendants violated the CAA and FLSA by not allowing Plaintiff to retain all the tips he earned, in violation of 29 U.S.C. §§ 203(m) and § 206(a).

51. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

52. At all relevant times, Plaintiff was a non-exempt employee.

53. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

54. Defendants wrongfully withheld tips from Plaintiff by taking tips from Plaintiff and giving them directly to themselves.

55. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

56. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid and improperly taken tips, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

57. In addition to working as a server, Defendants hired Plaintiff to work as a substitute assistant manager on an as-needed basis.

58. At all relevant times, as a substitute assistant manager, Plaintiff was compensated at a flat rate of $200 per day, regardless of the number of hours he worked.

59. At all relevant times, as a substitute assistant manager, Plaintiff's primary job duties included customer service, assisting front-of-house employees, and dealing with vendors.

60. In or around late July 2024, Plaintiff worked as both a server and as a substitute assistant manager for Defendants over the course of two workweeks.

61. During each of those two workweeks, Plaintiff worked approximately four shifts as a substitute assistant manager that lasted approximately between eight and 10 hours each and approximately two shifts as a server that lasted approximately between seven and eight hours each.

62. During these two workweeks at issue, Plaintiff was paid approximately $200 per day to work as a substitute assistant manager and $11.35 per hour, plus tips, to work as a server.

63. During each of these two workweeks at issue, Plaintiff routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

64. During each of these two workweeks at issue, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in a given workweek.

-11-

65. During each of these two workweeks at issue, Plaintiff worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay for all such time worked, in violation of the FLSA, 29 U.S.C. § 207(a).

## INJURY AND DAMAGE

66. Plaintiff and the Collective Members suffered harm, injury, and damages, including financial loss, as a result of Defendants' conduct complained of herein.

67. Plaintiff and the Collective Members were entitled to be paid the tips they earned. By withholding rightfully earned tips from Plaintiff and the Collective Members, Defendants injured Plaintiff and the Collective Members and caused them financial loss, harm, injury, and damage.

## FLSA COLLECTIVE ACTION ALLEGATIONS

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

70. Plaintiff asserts those claims on behalf of himself, and on behalf of all similarly situated Tipped Employees of Defendants, whose tips were not fully dispersed to them as required by the FLSA during the relevant time period as a result of Defendants' policies and practices.

71. At all relevant times, in their work for Defendants, the Collective Members worked for an hourly wage for Defendants.

-12-

72. Plaintiff seeks to notify the following individuals of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All current or former Tipped Employees (or individuals with other similar job duties or titles), who are neither managers, supervisors, nor owners, who work(ed) for Defendants' Elly's Brunch & Cafe restaurant located in Phoenix, Arizona, and who were subjected to Defendants' policy or practice of retaining any tips, at any time during the past three years before the filing of the Complaint up to the present.**

73. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay employees all their owed tips.

74. These policies included managers/owners/supervisors receiving portions of Plaintiff's and the Collective Members' tips.

75. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical or substantially similar.

76. Plaintiff and the Collective Members are hourly tipped employees who are entitled to receive tips.

-13-

77. Plaintiff and the Collective Members regularly had Defendants' managers, supervisors, and/or owners keep portions of Plaintiff's and the Collective Members' tips.

78. Defendants are aware that Plaintiff and the Collective Members, on information and belief, work(ed) under these conditions, and yet Defendants still denied them their owed tips.

79. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of all tips owed.

80. Defendants' failure to pay tip compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

81. The experiences of Plaintiff, with respect to their pay, are typical of the experiences of the Collective Members.

82. All class members, irrespective of their particular job requirements and job titles, are entitled to compensated for their owed tips.

83. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and the Collection Members' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all individuals employed by Defendants within three years from the filing of this Complaint.

84. Upon information and belief, Defendants have employed more than fifty (50) tipped employees during the period relevant to this action.

85. The identities of these individuals, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

86. Because these similarly situated employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

87. Collective adjudication is appropriate in this case because the individuals whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful retention of tips otherwise required to be disbursed by the FLSA.

**COUNT ONE: FLSA – MINIMUM WAGE
PLAINITFF & THE COLLECTIVE MEMBERS
IMPROPER TIP RETENTION**

88. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89. Plaintiff and the Collective Members were non-exempt employees entitled to tips.

90. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised 29 U.S.C. § 203(m).

91. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing

-15-

managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

92. At all relevant times, Plaintiff and the Collective Members were employed by Defendants within the meaning of the FLSA.

93. At all relevant times, Plaintiff and the Collective Members were entitled to all of their tips.

94. Defendants' managers, supervisors, and/or owners kept portions of Plaintiff's and the Collective Members' tips.

95. Defendants did not allow Plaintiff and the Collective Members to retain all tips they earned, in violation of 29 U.S.C. § 203(m) and the CAA.

96. In addition to the amount of unpaid tips owed to Plaintiff and the Collective Members, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

97. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff an overtime premium would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

98. Defendants' actions in failing to properly compensate Plaintiff and the Collective Members, in violation of the FLSA, were willful.

99. Defendants have not made a good faith effort to comply with the FLSA.

-16-

100. Plaintiff and the Collective Members are also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

101. Plaintiff is entitled to class representative payments for bringing this lawsuit on behalf of himself and the Collective Members.

**WHEREFORE**, Plaintiff, Bradley Smith, individually, and on behalf of all others similarly situated, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. Designation of this matter as a collective action on behalf of the Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b).

B. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by engaging in an illegal tip pool;

C. For the Court to declare and find that the Defendants willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by engaging in an illegal tip pool;

D. For the Court to award Plaintiff damages for improperly withheld tips, to be determined at trial;

E.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

F.  For the Court to award prejudgment and post-judgment interest;

G.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

H.  Such other relief as this Court shall deem just and proper.

### COUNT TWO: FLSA – OVERTIME
### PLAINTIFF BRADLEY SMITH ONLY
### UNPAID OVERTIME

102. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

103. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

104. In the two workweeks at issue in which Plaintiff worked in excess of 40 hours in a given workweek as both a server and substitute assistant manager, Defendants failed to pay one and one-half times Plaintiff's applicable regular rate of pay for all hours worked in excess of 40 hours.

105. As a result of Defendants' willful failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week during the two workweeks at issue, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked, in violation of 29 U.S.C. § 207.

106. As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for such hours worked, Defendants violated the FLSA.

107. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week for the duration of his employment with Defendants.

108. Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants for the duration of his employment with Defendants.

109. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Bradley Smith, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 11th day of September 2024.

                                        BENDAU & BENDAU PLLC

                                        By: /s/ *Clifford P. Bendau, II*
                                        Christopher J. Bendau
                                        Clifford P. Bendau, II
                                        *Attorneys for Plaintiff*